### EDENS–BIRCH LUMBER CO. v. SCO-FIELD, Collector of Internal Revenue.
### Civil Action No. 177.

District Court, W. D. Texas, Austin Division.

Sept. 25, 1944.

Andrews, Kelley, Kurth & Campbell, of Houston, Tex., for plaintiff.

W. R. Smith, Jr., U. S. Atty., and J. M. Burnett, Asst. U. S. Atty., both of San Antonio, Tex., for defendant.

KEELING, District Judge.

Under the law and from all the facts and circumstances in evidence in the trial of this case, I conclude that complainant is entitled to judgment against the defendant for the full amount paid by complainant, together with interest thereon as provided by law, from the date of such payment.

Supporting the above judgment, the Court concluded from the preponderance of all of the testimony, that the taxes involved in this suit and which were the basis for the Government's claim, were in fact sums of money paid to independent logging contractors and that none of such persons were in fact employees of the complainant, Edens-Birch Lumber Company, within the meaning of the Federal Unemployment Tax Act or of Title 9 of the Social Security Act, 42 U.S.C.A. § 1101 et seq., and that none of such persons were in the employment of the taxpayer within the meaning of such act and that taxpayer was not an employer of any of such persons within the meaning of either of such acts; and the Court further concludes that no part of the amount paid such persons, was in fact wages within the meaning of such Acts or either of them.

And I further find that the plan by which the so-called logging contractors were paid was not a subterfuge, but in fact substantially the same plan antedated by many years the enactment of either Act involved in this suit, and was, therefore, a good faith method adopted by the complainant in conducting its business.

The complainant is requested to prepare form of judgment and if appeal is to be taken, proposed Findings of Fact and Conclusions of Law and submit to opposing counsel.